### MICHAEL J. KELLY v. JOHN HAUGH.

The defendant in a transitory action has the right to have his case tried in the county where the cause of action arose, that being also the county in which the plaintiff and defendant lived. The laying of the venue in a county where the summons is served on the defendant is in disregard of this right.

Motion for change of venue.

Argued at February Term, 1897, before Justice GUMMERE, by consent of parties.

For the motion, *Eugene C. Cole.*

*Contra, Jonas S. Miller.*

GUMMERE, J. This is an action for slander. Suit was instituted in August, 1896, the venue was laid in the county of Camden and the summons was served on the defendant in that county. It appears from the testimony which was used upon the argument of this motion, that during the summer of 1896 both the plaintiff and defendant resided at Sea Isle City, in the county of Cape May, and it is admitted that the cause of action arose at that place.

By the two hundred and thirtieth section of our Practice

act (*Gen. Stat., p.* 2571) it is provided that "an action merely transitory shall, at the discretion of the court, be tried in the county in which the cause of action arose, or the plaintiff or defendant reside at the time of instituting such action, or, if the defendant be not an inhabitant of this state, in the county in which process shall be served upon him."

This statute gave to the defendant the right to have his case tried in the county of Cape May, that being not only the county in which the cause of action arose, but also that in which the plaintiff and himself lived. The laying of the venue in the county of Camden, where the summons was served, was in disregard of this right, and the defendant is entitled to a rule altering the venue from the county of Camden to that of Cape May, and directing that the suit be tried in the latter county. He is also entitled to the costs of this motion.