PEOPLE ex rel. STABILE v. FLYNN, Warden of City Prison.

(Supreme Court, Special Term, New York County. April 6, 1910.)

1. CRIMINAL LAW (§ 182*)—FORMER JEOPARDY—DISCHARGE OF JURY WITHOUT VERDICT.

Under Code Crim. Proc. § 428, prohibiting the jury from being discharged before rendering a verdict after they have retired, unless an injury to accused or the court, etc., makes it expedient to keep them together longer, or they declare themselves unable to agree, or when accused's counsel and the public prosecutor consent to their discharge, the jury cannot be discharged unless they declare they cannot agree, or for the other causes stated; their discharge without the statutory causes being equivalent to an acquittal, and a bar to a subsequent prosecution under the same indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 330–332; Dec. Dig. § 182.*]

2. HABEAS CORPUS (§ 4*)—PURPOSE OF WRIT—WANT OF JURISDICTION—EXISTENCE OF REMEDY BY APPEAL.

Since under Code Cr. Proc. § 517, permitting an accused to appeal only from a judgment of conviction after indictment, accused could not appeal from an order discharging the jury before it had declared itself unable to agree, habeas corpus will lie to procure his discharge from custody on the ground that the unauthorized discharge of the jury was equivalent to an acquittal; the trial court having no jurisdiction after the jury was discharged, and relator having no other adequate remedy.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec. Dig. § 4.*]

Habeas corpus proceedings by the People, on the relation of Vincent J. Stabile, against the Warden of the City Prison of the City of New York. Relator discharged.

Herman Joseph, Moses H. Grossman, Leo R. Brilles, Alexander A. Mayper, and Augustin Derby, for relator.

Charles S. Whitman, Dist. Atty. (Robert S. Johnstone, Deputy Asst. Dist. Atty., of counsel), for respondent.

NEWBURGER, J. This is a proceeding upon a writ of habeas corpus to discharge the relator from custody. The relator was indicted by the grand jury of this county on December 30, 1909, for

the crime of murder in the first degree. On the 7th day of March, 1910, he was brought to trial in the Court of General Sessions. The trial continued from the 7th to the 15th day of March, 1910. The jury retired at 5:15 p. m., and at 9:22 p. m. of the same day they came into court to hear some testimony read and to receive some further instructions. They retired after receiving instructions and again returned to the court at 10:10 p. m. of the same day. The following then occurred:

"The Court: Mr. Foreman, have you agreed upon a verdict?
"The Foreman: Not as yet."

No request was made for the discharge of the jury, the jury did not declare themselves unable to agree, and they were not discharged with the consent of the defendant, his counsel, or any one representing him. The court then stated that it did not desire to keep them together any longer, and that he would discharge them from the further consideration of the case.

Section 428 of the Code of Criminal Procedure provides as follows:

"After the jury have retired to consider of their verdict they can be discharged before they shall have agreed thereon only in the following cases: (1) Upon the occurrence of some injury or casualty affecting the defendant, the jury or some one of them, or the court, rendering it inexpedient to keep them longer together; or (2) when after the lapse of such time as shall seem reasonable to the court they shall declare themselves unable to agree upon a verdict; or (3) when with the leave of the court, the public prosecutor and the counsel for the defendant consent to such discharge."

It is conceded that there was no injury or casualty affecting the defendant, the jury, or the court, and it is furthermore admitted that at no time did the jury state or declare themselves unable to agree upon a verdict. It has been repeatedly held that unless the jury have declared they were unable to agree the court had no right or power to discharge them. Even prior to the enactment of section 428 of the Code, the courts of this state uniformly held that a jury in a criminal case could not be discharged without the consent of the defendant and without disagreeing, and that when the jury was unwarrantably discharged it was equivalent to an acquittal and is a bar to a subsequent trial of the defendant on the same indictment. See People v. Grant, 4 Parker, Cr. R. 527, and cases there cited. In Ex parte Ulrich (D. C.) 42 Fed. 587, the United States court, on a writ of habeas corpus in reviewing the action of the state court, held that where the jury had been discharged without the prisoner's consent the discharge is equivalent to an acquittal, and that the court had no right to commit the prisoner for a second trial after discharging the jury without legal cause. I am of the opinion, therefore, that the discharge by the learned justice of the Court of General Sessions of the jury in this case was without warrant, and that no circumstances whatever existed calling for the exercise of the discretion of the court, and that such action is a bar to a subsequent trial of this relator upon the same indictment.

The district attorney claims that the relator has mistaken his remedy and that a writ of habeas corpus will not lie. Has the relator any other remedy? It is true that he might apply to the Court of General

Sessions for his discharge upon the ground that the action of the court in discharging the jury amounted to an acquittal; but, if the court should fail to grant his motion, what is his remedy? He cannot appeal from the order, as it is not a final judgment. Section 517 of the Code of Criminal Procedure provides that the only case in which the defendant may appeal is from a judgment on a conviction after indictment. Is the defendant, therefore, to remain in custody and wait until he is again put upon trial; and if he then interposes the plea of former jeopardy, and is overruled, must he wait until there is a conviction before he can raise the question of whether he can be retained in custody? It is true that the courts of this state have laid down the rule that the writ of habeas corpus should not issue unless it appeared that the court was without jurisdiction. If the discharge of the jury operated as an acquittal, then, certainly, the Court of General Sessions no longer had jurisdiction, for it was its duty to have discharged the relator.

The case of People v. Scharf, referred to by the district attorney upon his brief, does not apply. In that case there was a judgment of conviction, and the Court of Appeals by a vote of 4 to 3 held that the proper remedy was by appeal from the judgment. In this case there is no judgment from which the relator could appeal, and he has no other remedy but to seek recourse to the writ of habeas corpus.

For the reasons stated, the writ must be sustained, and the relator discharged.