PEOPLE ex rel. HERBERT v. HANLEY, Acting Warden.

(Supreme Court, Appellate Division, First Department. January 6, 1911.)

1. HABEAS CORPUS (§ 31*)—EXISTENCE OF REMEDY BY APPEAL.

During the progress of the trial of relator for an offense charged, the justice became satisfied that there was danger of an interference with some of the jurymen, and granted a motion of the prosecution to withdraw a juror. *Held*, that the withdrawal was not ordered under Code Cr. Proc. § 428, authorizing the discharge of a jury after they have retired to consider on their verdict for certain reasons specified, and that habeas corpus would not lie to review the proceedings of the court, but that on a second trial a proper plea in bar should be entered, and an appeal taken from a judgment of conviction, which would bring up for review the question whether the exercise of the discretion of the court in permitting the withdrawal of a juror was justified.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 27; Dec. Dig. § 31.*]

2. CRIMINAL LAW (§ 184*)—FORMER JEOPARDY—ACQUITTAL.

The withdrawal of a juror during the progress of a criminal case would operate as an acquittal, in the absence of circumstances rendering it proper for the court to discharge the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 336–343; Dec. Dig. § 184.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Application by the People of the State of New York, on the relation of Walter Herbert, for a writ of habeas corpus directed against John J. Hanley, Acting Warden, etc. From an order sustaining the writ, an appeal was taken by the people of the state of New York. Order reversed, and writ dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

F. C. Tanner, Deputy Atty. Gen., for the People.

G. G. Battle, for respondent.

DOWLING, J. The relator, having been indicted for a violation of section 773 of the Penal Law (Consol. Laws, c. 40), was brought to trial on June 27, 1910, at a Criminal Term of the Supreme Court, New York County. After the trial had progressed for two days, and on the morning of the third day, before the case had been submitted to the jury, information was laid before the justice presiding at the trial of certain actions upon the part of two of the jurors impaneled in the case. The justice thereupon called before him, in his chambers, four witnesses, who alleged that they had seen the acts complained of, and in the presence of the Attorney General and of the attorney for the defendant each of said witnesses was examined; the defendant's attorney participating therein. As the result of what transpired at that examination, the justice was satisfied that there was danger of an interference with the orderly progress of the trial, and he therefore upon returning to the courtroom granted a motion of the prosecution to withdraw a juror, against the objection of the defendant's counsel. Thereafter a writ of habeas corpus was issued, under which relator was discharged from custody by an order dated July 20, 1910, from which the present appeal is taken.

There can be no doubt as to the power of the trial court, in the exercise of a sound discretion, to declare a mistrial and to discharge the jury before the final submission to them of the issues, when, in the opinion of the court, matters have arisen during the course of the trial which make such procedure advisable. This is one of the ordinary powers resident in the court; and, while the question of the proper exercise of such power is open to review, there is no question made that the power does exist. The remedy sought herein by writ of habeas corpus is not, however, the proper manner in which to secure such review.

It is sought to bring this case within the scope of the decision in People ex rel. Stabile v. Warden, etc., 139 App. Div. 488, 124 N. Y. Supp. 341; but there is no similarity between the two cases. The decision in the case cited proceeded expressly upon the ground that the provisions of section 428 of the Code of Criminal Procedure, prescribing the method of discharge of a jury after they had retired to consider on their verdict, had not been complied with; and therefore, when the jury were discharged by the trial justice before they had announced their inability to agree, as required by that section, such improper discharge was in law the equivalent of an acquittal. There was, then, no

lawful cause for a continued imprisonment of the relator, based upon the original warrant, which had been issued upon the indictment. Here the condition of the trial was not such as to make the provisions of section 428 operative. So the general rule applied that, if the jury in a criminal case is discharged, in the absence of circumstances rendering it proper for the court to exercise discretion in that behalf, it will operate as an acquittal of the defendant. 12 Cyc. 270; 17 Amer. & Eng. Enc. of Law, 1261.

Since, therefore, the court has power to withdraw a juror and discharge the jury, the question of the proper exercise of its power cannot be raised by writ of habeas corpus, for the defendant is still lawfully in custody under a warrant issued upon an existing indictment. The sole manner in which the question can be tested is by a proper plea in bar upon a new trial; and, should a judgment of conviction then be had, an appeal from such judgment would bring up for review the question of whether or not the exercise of discretion of the court in permitting the withdrawal of a juror was justified, upon the facts then before it.

The order appealed from must therefore be reversed, the writ dismissed, and the relator remanded into custody. All concur.