WALLACE T. NICKERSON, Respondent, v. ELECTRO SILICON COMPANY, Appellant.— Plaintiff failed to establish actionable fault against the defendant in respect to automatic or semi-automatic gates for the defendant's elevator, inasmuch as no such gates had been required by the Commissioner of Labor, under Labor Law, section 79,* and an inspection shortly before the accident had approved the appliances of the elevator. Further, the court finds that it was not shown that in the city of New York, before May 15, 1913, when this accident occurred, such gates were in general use in freight elevators in establishments like that of the defendant. The judgment and order are, therefore, reversed and new trial granted, costs to abide the event. Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ., concurred.

HERMAN F. SCHELHORN, Appellant, v. WESTCOTT EXPRESS COMPANY, Respondent.— Order affirmed, with costs. No opinion. Jenks, P. J., Putnam and Blackmar, JJ., concurred; Thomas and Rich, JJ., voted to reverse and to reinstate the verdict.

WILLIAM H. SCHEURER and Others, Respondents, v. THE EBLING BREWING COMPANY, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days from entry of the order hereon plaintiffs stipulate to reduce the verdict to $225, with interest from October 1, 1916, and modify the judgment accordingly, in which event the judgment as so modified and order are unanimously affirmed, without costs. The finding implied in the verdict of the jury that the assignment by defendant to Levinson on September twenty-ninth was colorable and not intended to transfer the title of the lease to Levinson, is reversed on the ground that it is without evidence to sustain it. As we are of opinion that the occupancy of Martucci until October 2, 1916, charges the defendant with the rent for that month, we have given plaintiffs the option of reducing the judgment. Present — Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ.

MINNIE TALBOTT, Appellant, v. MABEL BAILEY, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ., concurred.

UNITED STATES TITLE GUARANTY COMPANY, Respondent, v. JOHN MICHEL, Appellant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Mills and Kelly, JJ., concurred; Thomas and Putnam, JJ., voted for reversal on the ground only that defendant's evidence in support of the counterclaim raised a question for the jury. Order to be settled on notice.

WINIFRED C. WATERS, Appellant, v. CHARLES T. WATERS, Respondent.— Judgment affirmed, without costs. No opinion. Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAX ROSENFELD, Appellant, Impleaded with SOLOMON MONTLAKE, Defendant.— Judgment of conviction as to the defendant Rosenfeld reversed and as to him a new trial granted, upon the authority of People v. Montlake (184 App. Div. 578), decided October 4, 1918. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred.

* See Consol. Laws, chap. 31 (Laws of 1909, chap. 36), § 79.— [REP.