Submitted on briefs September 23, reversed and remanded October 5, 1926.

## STATE *v.* TONY MILOSEVICH.

(249 Pac. 625.)

**Criminal Law.**

1. State must prove beyond reasonable doubt that defendant, tried for gambling, was present at time and place of crime.

**Criminal Law.**

2. Instruction in prosecution for gambling that defendant need not prove alibi beyond reasonable doubt *held* reversible error, as carrying inference that he must prove it by preponderance of evidence.

**Criminal Law.**

3. Instructions referring to evidence of alibi in disparaging terms are erroneous.

---

Criminal Law, 16 **C. J.**, p. 533, n. 13, p. 978, n. 59, 60, p. 979, n. 75; 17 **C. J.**, p. 340, n. 68.

From Coos: JOHN C. KENDALL, Judge.

Department 1.

Defendant appeals from a judgment of conviction of the crime of gambling.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Peck & Brand* and *Mr. J. F. Anderson.*

For respondent there was a brief over the name of *Mr. J. B. Bedingfield,* District Attorney.

BELT, J.—The sole question involved is whether the court erred in giving the following instruction:

"The defense of alibi, which is referred to in law as alibi has been introduced here by the defendants,

---

1. See 8 **R. C. L.** 170, 174.
3. Instructions disparaging defense of alibi, see note in 14 **A. L. R.** 1426.

they introduce here facts which if proven and considered as true by the jury would indicate that they were at a place other than shown and declared by the state, and that raises the presumption that the crime could not have been committed by them at the time it is charged. And in that connection the Court instructs you, that the defense of alibi is entirely right and a proper defense and should be given consideration by you. The defendant is not bound to prove his defense of alibi to the same extent that the state is compelled to prove his guilt, that is, beyond a reasonable doubt. *There is of course the burden on his part of proving his alibi, the burden is only upon the defendant to raise such a reasonable doubt in your minds as to whether or not he was so present at the time alleged by the witnesses for the state.*"

1–3. Defendant excepted to that part of the above instruction which is italicized, for the reason that it shifted the burden of proof. In this case it was incumbent upon the state to establish by proof beyond a reasonable doubt that defendant was present at the time and place of the commission of the crime. The presence of the defendant was an essential element of its case: 16 C. J. 533. The mere fact that defendant offered evidence tending to prove that he was elsewhere and therefore could not have committed the crime did not relieve the state of its burden of proof. In the true sense of the word, "alibi" is merely evidence offered in refutation of the charge in the indictment. Confusion in the cases exists because some courts treat it as an independent and affirmative defense. See exhaustive note in 29 A. L. R. 1127, where cases are collated. Even though defendant failed to prove an alibi he would be entitled to an acquittal if the evidence offered in reference thereto, when considered in connection with all of the other evidence in the case, created a reasonable doubt as to his guilt. *People* v. *Allocca,* 183 App. Div. 571

(170 N. Y. Supp. 881); *People* v. *Montlake,* 184 App. Div. 578, 172 N. Y. Supp. 102). Alibi is a proper and legitimate defense. Sometimes it is the only one available to an innocent person. Instructions referring to evidence of an alibi in disparaging terms are erroneous and may lead to a reversal.

The instruction in question is free from criticism so far as invading the province of the jury is concerned, but is erroneous in the statement of the law relative to the burden of proof. As stated in *State* v. *Chee Gong,* 16 Or. 534 (19 Pac. 607):

"The evidence of an alibi was not a defense, except so far as it controverted the testimony upon the part of the State, tending to show that the appellants were present and participated in the affair charged in the indictment. When proof is given upon the part of the prosecution which goes to show that the defendant did the acts charged against him, he has the right to disprove it, by showing that he was at another place at the time of their alleged commission; and it is the exclusive province of the jury to judge of the weight of the testimony introduced for that purpose, as much as of any other testimony in the case. It is, as said by Mr. Bishop, mere ordinary evidence in rebuttal; and any charge to the jury that it is not, as that the law looks with disfavor upon it, or that it should be tested differently from other evidence, is erroneous." (1 Bishop on Criminal Practice. (3 ed.), § 106.)

The following instruction was approved in *State* v. *Casey,* 108 Or. 386 (213 Pac. 771, 217 Pac. 632):

"The defendant is not required to prove his alibi beyond a reasonable doubt, or by a preponderance of the evidence, because the burden of proof does not rest upon him; but it is sufficient, if you have a reasonable doubt in your minds as to whether he was at the scene of the homicide when Phillips was shot. And by that I mean that you should be satisfied beyond a reasonable doubt that the defendant was at the scene of the crime when the deceased was shot,

before you can return any verdict of guilty against him.''

In *State* v. *MacQueen,* 69 N. J. L. 530 (55 Atl. 1006), the cause was reversed because of comment of the trial judge concerning certain requested instructions wherein the jury was given to understand that, ''while a defendant asserting an alibi was not bound to prove it beyond a reasonable doubt, he must establish it by a clear preponderance of evidence.'' The court on appeal said:

' ''The impression left upon the jury must have been that the evidence tending to show the absence of Grossman was to be disregarded, unless it outweighed that which tended to prove his presence at the scene of the riot. But whatever goes towards proving an alibi (although it falls short of establishing it) at the same time tends to throw doubt upon the commission of the crime, where the presence of the defendant is essential to guilt. And if a reasonable doubt of guilt is raised, even by inconclusive evidence of alibi, the defendant is entitled to the benefit of that doubt. *Sherlock* v. *State,* 60 N. J. L. 31 (37 Atl. 435).''

In the instant case the trial court instructed that:

''The defendant is not bound to prove his defense of alibi to the same extent that the State is compelled to prove his guilt, that is, beyond a reasonable doubt.''

This instruction carries with it the fair inference that, while the defendant was not bound to establish his alibi beyond a reasonable doubt, it was incumbent upon him to establish it by a preponderance of the evidence. Such is not the law. The defendant was not bound to prove anything. It was incumbent upon the State to establish the guilt of defendant to the exclusion of every reasonable doubt. The instruction, considered in its entirety, is inconsistent with the presumption of innocence to which defendant was entitled. At best, it was ambiguous and tended towards

confusion. We think it was prejudicial to the substantial rights of the defendant. The judgment of conviction is therefore reversed and the cause remanded for a new trial. REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.