Leslie F. Robihsou, J.
This is a motion made on behalf of the defendant to dismiss the indictment pending against him, charging him with the crime of assault in the first degree, upon the grounds 'that he has already been placed in jeopardy once upon this same indictment, and that to proceed to trial under this indictment would place him in double jeopardy, contrary to section 6 of article I of the New York Constitution. Upon the argument of the motion, the defendant produced the reports of psychiatrists designated pursuant to section 658 of the Code of Criminal Procedure, the trial minutes and the transcript of the testimony of the defendant upon the trial had in the Supreme Court.
The basis of the defendant’s contention arises from the following facts: The defendant was charged by an indictment returned by the Grand Jury of the County of Erie with the crime of assault in the first degree, in that he feloniously assaulted another with the intent to kill by means of a sharp instrument on the 7th day of October, 1952. This indictment, returned in the County Court of Erie County, was transferred to the Supreme Court and at the June 1953 Term of that court was brought on for trial. Trial commenced on June 22, 1953 before the Honorable Hamilton Ward and after the jury had been selected and the entire case of the plaintiff presented, the defendant took the stand on his own behalf as part of his case. His testimany, especially on cross-examination was vague, incoherent and disjointed to the extent that the trial court came to the conclusion that the defendant was lacking in understanding and that the defendant was mentally deficient and unable to defend himself properly. The court declared a recess and consulted with counsel for both sides. It is apparent from the papers submitted that counsel for the defendant was in complete agreement. The court indicated that it would entertain a motion by the defendant for a mistrial so as to permit a mental examination of the defendant to determine the question of his *147 sanity. The defendant’s attorney was eager to make such motion on behalf of his client and the District Attorney acquiesced or consented to the granting of this motion. Thereafter and before the jury was reconvened the defendant was informed of the proposed motion and, upon the reconvening of the jury, the defendant’s counsel, able and well experienced in trial of such actions, moved for a mistrial, stating that he felt that his client was mentally ill and unable to assist in his own defense. The court, before acting upon the said motion, asked the defendant personally whether he had discussed the motion with his attorney; whether he understood the motion and whether he consented, and when all these questions were answered in the affirmative and the Judge had explained to the defendant the significance of the proceeding in detail and that he would be again brought to trial in the event that he was found to be without mental ailment, granted the motion for a mistrial. An examination was had the very next day, pursuant to a court order and the defendant was found to have been insane. However, in a second subsequent examination by the same psychiatrists some three weeks later, the defendant was found to have been sane and able to participate in his defense. An order was entered confirming the last report of the psychiatrists and the case returned to the calendar for trial. The case would again be moved for trial were it not for the bringing of this motion. The motion is being heard by this court by consent of both counsel.
The defendant contends that a second trial subjects him to double jeopardy. He claims that the first trial was terminated improperly by the granting of the motion for mistrial and in effect, contends that the improper termination of that trial is tantamount to an acquittal. He contends that it was improper for the court to order a mental examination of the defendant, pursuant to section 658 of the Code of Criminal Procedure, without having a preliminary examination by psychiatrists which could be performed in a quick and cursory manner during an adjournment of the trial, from which preliminary examination the court might determine whether it was necessary to go further towards determining the defendant’s sanity. He contends that the court was not authorized to declare a mistrial and that the consent of the defendant to such mistrial and the motion of his counsel, pursuant to which mistrial was ordered, is of no significance insofar as determining the propriety of the trial court’s determination.
Once a trial has progressed to the point where a jury has been accepted by both sides and testimony commences to be heard *148 before a court of competent jurisdiction upon a proper indictment, the defendant is in jeopardy and there is no doubt but what an improper conclusion of that trial prior to a verdict is tantamount to an acquittal and that he cannot again be tried for the same offense. However, it is likewise well recognized that if a trial is necessarily brought to a conclusion properly before the rendition of a verdict, this is no indication of acquittal, nor is it double jeopardy for the defendant to be tried again. The question to be determined is whether the trial court properly ordered a mistrial upon the defendant’s motion for the same.
The trial court, experienced in observing witnesses and having full opportunity to hear the defendant examined and cross-examined, came to the conclusion that there was a serious question as to the defendant’s sanity and his mental ability to assist and participate in his defense. The defendant contends that the Court of Appeals has outlined the proper procedure to be followed by the court in a situation of this kind and that the primary step is to have a preliminary examination by psychiatrists prior to the formal examination afforded by the Code of Criminal Procedure, and cites the case of People v. Esposito (287 N. Y. 389) as authority for this view. The court has carefully read this case as well as the memoranda of both counsel but finds no such doctrine in the Esposito case. This case dealt with a defendant in a murder case who claimed insanity. The court ordered a preliminary examination and upon the basis of this preliminary examination, refused to order the formal examination provided by the code. The determination of whether the formal examination should be had was held to be discretionary with the court.
Certainly if it is discretionary with the court whether or not an examination should be held pursuant to section 658 of the code, the court may exercise its discretion with or without a preliminary examination. The fact that the Court of General Sessions has inaugurated a certain practice does not make that practice exclusive and it seems that the Esposito case so indicates.
It cannot be successfully argued by the defendant that the trial court’s action was arbitrary or without foundation, for the very next day the defendant was examined by two psychiatrists designated by the Superintendent of the Buffalo State Hospital, who submitted their report in writing, declaring the defendant to be “idiotic, imbecilic or insane to the extent that he is incapable of understanding the charges now pending against him and that he is unable to assist with his defense ”. Recom *149 mendation was therein made that he be committed to Matteawan State Hospital. This report seems quite conclusive and there is no indication in it that a second report was to follow. However, for some reason that is not clear to this court a second examination was had of the defendant three weeks later by the same psychiatrists but this time they came to a conclusion that the defendant “ was not idiotic, imbecilic or insane and that he is capable of understanding the charges pending against him and is able to assist with his defense ’ It is difficult to reconcile these two reports made by the same psychiatrists, but reconcilable or not, the first report removes any question that the trial court had ample reason to question the defendant’s sanity and that the court’s action was not arbitrary.
Counsel for the defendant argues that the court granted the mistrial based upon its own opinion and without the benefit of medical advice or testimony. It would seem to this court that the trial court under the circumstances could have done just that, but the papers before this court show that this did not transpire. Instead, it appears that the court granted the motion for mistrial of the defendant’s counsel who was of the opinion that the defendant was mentally ill and that the defendant consented to the making of the motion for a mistrial and further, that the District Attorney consented to such mistrial or at least, did not object thereto, and that the court, in its discretion, granted this motion. Of course, in granting the motion, the court properly gave due regard to its own opinion as to the mental capacity of the defendant, in determining whether to grant such motion as a matter of discretion, but the court did not order a mistrial upon its own motion.
It seems to this court in any event, that the defendant, having consented to a mistrial and having moved the court for that purpose, cannot now successfully contend that the court erred or was arbitrary in granting such motion. The question of when a jury may be discharged during the course of a trial with propriety is not covered by statute, except when trial has reached the stage when the case has been submitted to the jury for determination and before the verdict is rendered.
Before the case is submitted to the jury, the trial court may discharge the jury and order a new trial in the exercise of its discretion during the course of the trial where there is substantial reason therefor. (People ex rel. Epstein v. Lawes, 164 Misc. 58; People ex rel. Herbert v. Hanley, 142 App. Div. 421; People ex rel. Brinkman v. Barr, 248 N. Y. 126; People v. Montlake, 184 App. Div. 578.)
*150 It is only when a trial has entered that final stage after the jury has retired to consider its verdict that there are statutory limitations upon the court’s discretion. These limitations are contained in section 428 of the Code of Criminal Procedure, which provides three specific instances in which a jury might still be discharged by the court before a verdict is entered and the last of these instances is ‘ ‘ When with the leave of the court, the public prosecutor and the counsel for the defendant consent to such discharge.” Thus, even had this case progressed to the point where the case had been submitted to the jury and the jeopardy of the defendant was most imminent, the trial court was justified in granting the motion for the mistrial, because the public prosecutor and counsel for the defendant did consent to the dismissal of the jury. In addition, the defendant confirmed the actions of his attorney and openly acknowledged that said attorney was acting with proper authority.
It is apparent from an examination of the cases on the subject that the protection of the provision against double jeopardy is personal and may be waived by the person entitled thereto. (See People v. McGrath, 202 N. Y. 445; People v. Cignarale, 110 N. Y. 23.) The defendant, in requesting a mistrial and consenting thereto, must be deemed to have waived any claim to double jeopardy by reason of the granting of his request. There is no question that the defendant gave his consent freely and without compulsion of any kind and that he did so after consultation with able legal counsel.
Defendant’s counsel argues that the defendant’s consent to a mistrial is a nullity by reason of the fact that the trial court at the time deemed him mentally unsound. This argument overlooks the fact that the defendant was later adjudicated to have been sound. This adjudication cannot be disregarded and is binding upon the defendant who now asserts that he was at all times of sound mind, and the defendant must be considered to have been of sound mind at the time of giving his consent. His consent is, therefore, valid and binding. This court can come to no other conclusion but that the discharge of the jury was proper, and that the defendant is not being placed in double jeopardy by being placed on trial anew.
The motion of defendant to dismiss the indictment is hereby denied and the case returned to the calendar where it may be moved for trial at the next Criminal Term.