Samuel J. Joseph, J.
The defendant moves by order to show cause why the indictment pending against her should not be dismissed upon the ground that she has previously been placed in jeopardy under the same accusation.
It appears that the indictment against the defendant, and her two codefendants, charging extortion and conspiracy, was moved for trial on September 9, 1957 before this court, and, that commencing on that date and continuing through September 18, 1957, trial proof was adduced until the latter date at which time a mistrial was declared by the court.
It is contended by the movant that neither she nor her counsel consented to the mistrial and that the action by the court in declaring such mistrial is tantamount to an acquittal and bars a subsequent prosecution against her, which is shortly to be commenced.
The moving papers contain some of the excerpts of the incidents that precipitated the declaration of a mistrial, such as a heated colloquy among defendant’s counsel and the prosecution, with respect to the latter’s charge in open court, and in the presence of the jury, that a People’s witness was being tampered with by the defendants, and insinuating that such tampering had occurred on other occasions. The counsel for the movant also made several characterizations about this being a “ smear case ”. Thereafter, counsel for both codefendants herein, but not the movant, made motions for a mistrial which was denied by the court.
This court recalls that previously during trial it appeared that two principal witnesses for the People, lieutenants in the Police Department, had driven some of the jurors to their homes during a very severe rainstorm after court had adjourned, and had accompanied other jurors in their car to the places where the cars of the jurors were parked. Proceedings were had at the reconvening of the court the following day to try to clarify the issue as to whether said jurors would be inclined to give more weight and credence to the testimony of the said detectives by reason of their assistance. After the court’s ruling, that the jurors were not influenced in favor of the prosecution, exceptions were again taken and motions made *366 for a mistrial, and the court, with great reluctance, although realizing the impropriety of the action of the detectives, principal witnesses who testified to admissions and confessions, as having transgressed by interfering with jurors, endeavored to proceed with the trial after assurances had been made by the jury.
When the court realized that the atmosphere of the trial beginning with this particular incident and thereafter involving the charge of tampering and the reference by one of the counsel to the “ smear case ” was such as to create such an atmosphere of improper consideration of the issues, and of depriving the defendants of a fair and impartial trial, it declared a recess. Upon reconvening, the court, after due and careful deliberation informed the jury that motions had been made by counsel for a mistrial and asked whether there was any objection on the part of any counsel to a mistrial being declared. Hearing none, the court thereupon ordered a mistrial and discharged -the jury.
The movant defendant well argues that neither her counsel nor she ever joined in any motion for a mistrial and never consented thereto. Of course, failure of a defendant or his counsel to object to a jury’s discharge cannot be deemed a consent to such discharge. (People ex rel. Stabile v. Warden, 139 App. Div. 488, affd. 202 N. Y. 138.)
Although the mistrial was declared before the jury received the case, there is no question of the authority of a court to declare a mistrial and discharge a jury without prejudice to the defendant, if circumstances have arisen during the trial that warrant the exercise of the court’s discretion to use such power, as illness, death, tampering with witnesses, undue contact by the witnesses with the jury, inflammatory and prejudicial remarks by either side, etc.
Each case must, of course, be judged on its own merits as to the importance of the circumstances that compel the court to declare a mistrial, in order to assure a fair trial to both sides.
The circumstances in this case clearly show that a fair and unbiased trial could not properly have been had. The incidents of the detectives taking the jury home, the charges of tampering by the prosecution, the characterizations by counsel of the “ smear case ”, heatedly and frequently repeated, were cumulative episodes that compelled the court to exercise its discretionary power to discharge the jury. Such discharge did not jeopardize the defendant’s right as to bar. a second trial, (See People ex rel. Stabile v. Warden, 202 N. Y. 138, supra; *367 People v. Montlake, 184 App. Div. 578; People ex rel. Herbert v. Hanley, 142 App. Div. 421; People ex rel. Epstein v. Lawes, 164 Misc. 58; see, also, People ex rel. Brinkman v. Barr, 248 N. Y. 126; 16 C. J., Criminal Law, §§ 2569-2570, p. 1096; People v. Barrett, 2 Caines 304.) Motion denied.