In the Matter of Harry Pasternack, Petitioner, v. Abraham M. Block, Individually and as Chief City Magistrate of the City of New York et al., Respondents.

Supreme Court, Special Term, Kings County, May 24, 1962.

*Winick, Hoffman & Grumet* for petitioner. *Louis J. Lefkowitz, Attorney-General,* for respondents.

JAMES S. BROWN, JR., J. This is a proceeding under article 78 of the Civil Practice. Act in the nature of prohibition to restrain respondents from proceeding with the trial of petitioner.

Petitioner was charged with a violation of section 435–5.0 of the New York City Administrative Code (unnecessary noise) and a trial begun before a Magistrate of the City of New York. The complaining witness appeared without counsel and, after inquiry as to an adjournment to obtain counsel, the court marked the case ready and stated the District Attorney would represent the complainant. The record discloses that after some testimony was taken, a conference between the court, the District Attorney and counsel for petitioner took place, off the record, whereat, as appears from the action of the court immediately thereafter, the fact that the complainant was not prepared to proceed further with her complaint was discussed. The court then stated: '' I am going to expunge the record and adjourn it to give her a chance to get her own lawyer so that she can be advised by somebody whom she has retained and who represents her. I will give her plenty of time to do that. I am going to put this case over.'' Petitioner's counsel impliedly consented to the action of the court even to the extent of indicating when he would be available to proceed with a further trial. Certainly he did not object to the court's action in expunging the record.

Petitioner now seeks to prohibit a further trial on the ground of double jeopardy claiming violation of his constitutional rights under section 6 of article I of the Constitution of the State of New York. However, the right of protection against double jeopardy is personal and may be waived. (*People* v. *McGrath,* 202 N. Y. 445; *People* v. *Cignarale,* 110 N. Y. 23; *People* v. *Zendano,* 31 Misc 2d 145.) Consent of counsel to a mistrial is sufficient to waive the protection of the constitutional provision. (*People ex rel. Epting* v. *De Voe,* 309 N. Y. 818; *Matter of Nolan* v. *Court of General Sessions of the County of N. Y.,* 11 N Y 2d 114, 118.)

As pointed out by Mr. Justice BOTEIN, in a dissenting opinion, in *Matter of Mack* v. *Court of General Sessions of the County of N. Y.* (14 A D 2d 98, 106): '' Petitions for the remedy here sought — tantamount to an injunction against enforcement of a criminal statute — are traditionally viewed with great caution (*People ex rel. Hummel* v. *Trial Term,* 184 N. Y. 30; *Reed* v. *Littleton,* 275 N. Y. 150; *Matter of Cooley* v. *Wilder,* 234 App. Div. 256). ' The remedy is an extraordinary one which lies

within the discretion of the court' (*Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26, 39)."

A clear right to the relief should be established. (*Triangle Mint Corp.* v. *Mulrooney*, 257 N. Y. 200, 201; *People* v. *Canal Board of the State of N. Y.*, 55 N. Y. 390, 394–395.)

Petitioner has failed to show a clear right to the relief sought and accordingly the application is denied and the petition dismissed.