■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DRISCOLL, Appellant.— Judgment convicting defendant of the crimes of attempted robbery in the first degree, attempted grand larceny in the first degree, and of violations of section 1897 of the Penal Law unanimously reversed, on the law and the facts, and in the exercise of discretion, and a new trial ordered. The defendant Driscoll's plea of former jeopardy is not sustained but a new trial is required because of the improper and prejudicial references to and

use against this defendant of the confessions and statements of codefendants tried jointly with him. Upon the first trial of the indictment against the defendant and his codefendants, and during the course of the direct examination of a witness for the People, the trial court, upon its own motion, declared a mistrial because of the improper and prejudicial testimony of the witness with reference to the commission by this defendant of a certain robbery other than the crimes for which he was being tried. Immediately upon the improper testimony coming in, the Assistant District Attorney requested a recess. Following a conference at the Bench, the details of which are not in the record, a recess was taken. Thereupon, the Trial Judge said that he would hear the parties on the question of a mistrial or a waiver with an instruction to the jury to disregard the testimony. The attorney for the defendant then requested a conference, and after a conference, the trial was adjourned for the day. On the next court day, the Judge remarked that counsel had said that they would file memorandums of law but that none was submitted; so, on reviewing the record, the Trial Judge stated that he believed the testimony to be prejudicial and "on its own motion directs the withdrawal of a juror and the granting of a mistrial." It should be noted that none of the defendants specifically objected to the granting of the mistrial though it also appears that none expressly acquiesced therein. There were, however, conferences off the record with the consent of counsel for the defendants and the position then taken by them does not appear. Apparently, so far as the record is concerned, they were standing mute for whatever advantage they might gain depending on the way the trial court should rule. It would, of course, have been better had the court, before ruling, required counsel for defendants to state on the record whether they sought or opposed a mistrial or just what their position was in the matter. In any event, it clearly appears that the granting of the mistrial here was in the interests of justice and represented a proper exercise of the discretion vested in a trial court. This exercise of discretion does not amount to an acquittal or furnish the basis for a plea of former jeopardy; and the People were entitled to another trial of the indictment at the same or another term. (See Code Crim. Pro., § 430; *Gori v. United States*, 367 U. S. 364, 368–369; *Matter of Nolan v. Court of General Sessions*, 11 N Y 2d 114, 118–119; *People ex rel. Creasey v. Jackson*, 3 A D 2d 797, mot. for lv. to app. den. 3 N Y 2d 774; *People v. Montlake*, 184 App. Div. 578, 581–582; *People ex rel. Herbert v. Hanley*, 142 App. Div. 421.) We have concluded, however, that the defendant was deprived of a fair trial because of the improper use as against him of the confessions of his codefendants who were jointly tried with him. It is true that no motion was made for a severance and that the jury was repeatedly instructed by the court that the statements of the codefendants incriminating the defendant were not binding upon or to be considered as evidence against him. But, here, without justification and tending to circumvent the admonitions of the trial court, the Assistant District Attorney on several occasions, in the questioning of witnesses and in his summation, made improper use of the codefendants' statements as supporting the charges against the defendant. Furthermore, there were unnecessary and improper references to the defendant in the trial court's discussion of the statements in its charge to the jury. Under these circumstances, the defendant was deprived of the right to a fair trial. What this court said in *People v. Lombard* (4 A D 2d 666) is particularly applicable here. Although the evidence is clearly sufficient to support the defendant's conviction, a new trial is required in the interests of justice. (See, also,

*People* v. *Rosa*, 14 A D 2d 741, 861; *People* v. *Robinson*, 16 A D 2d 184.)
Concur — Botein, P. J., Valente, Stevens, Eager and Staley, JJ.