THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM MEYER, Appellant, against THE WARDEN OF THE NASSAU COUNTY JAIL et al., Respondents.

(Submitted December 3, 1935; decided January 8, 1936.)

*Louis Fleischer, Harry Alexander* and *Charles Liebling* for appellant. The court having once had jurisdiction of the relator and the offense, and the relator having been tried therefor, he has been placed in jeopardy and cannot thereafter be tried for the same offense. (*King* v. *People,* 5 Hun, 297; *People ex rel. Stabile* v. *Warden,* 202 N. Y. 138; *People* v. *Goldfarb,* 152 App. Div. 870; 213 N. Y. 664; *People ex rel. Cohen* v. *Collins,* 238 App. Div. 592; *People* v. *Thrum,* 143 Misc. Rep. 7.) Relator could have secured his discharge whether he proceeded by writ or by appeal from the judgment. (*People* v. *Weiner,* 211 N. Y. 469.)

*Martin W. Littleton, District Attorney* (*Philip Huntington* of counsel), for People of the State of New York, respondent. The retrial of the relator upon the original informations would not constitute second jeopardy. (*People* v. *Luhrs,* 79 Hun, 415; *People* v. *Noblett,* 244 N. Y. 355.) The relator is not entitled to use habeas corpus as a substitute for appeal. (*People* v. *Monahan,* 257 N. Y. 388; *People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249.)

HUBBS, J. Relator-appellant was arrested, charged with disorderly conduct. His trial was started before a police justice and a jury on Saturday and finished Sunday. He was found guilty by the jury and sentenced on Sunday for a term of thirty days in the county jail. He applied for a writ of habeas corpus and was released. He was again charged with the same offense upon the same information. Before trial he again applied for a second writ of habeas corpus and was released on the ground that a new trial would subject him to double jeopardy. The People appealed to the Appellate Division from the orders

sustaining the writs. The orders were reversed by a divided court. The Appellate Division held that a second trial would not place appellant in double jeopardy as an appeal from the judgment of conviction as the result of the trial on Sunday would have resulted in granting a new trial.

The Constitution prevents a person from being placed twice in jeopardy for the same offense. " No person shall be subject to be twice put in jeopardy for the same offense." (N. Y. Const., art. I, § 6.)

That provision of the Constitution is fundamental and all courts of the State must be governed by it not only in form but in spirit even though the result is to release one legally indicted for the crime of murder. (*People ex rel. Stabile* v. *Warden*, 202 N. Y. 138.)

We are, therefore, required to determine whether under the clear wording of the Constitution and the undisputed facts, the appellant was placed in jeopardy at the trial, which was commenced on Saturday and continued into Sunday with the result that he was found guilty by the jury and sentenced to a term in jail by the police justice.

In this State, from the early days, it has been the law that a court cannot be lawfully held on Sunday and any judgment granted on Sunday is absolutely void. (*Van Vechten* v. *Paddock*, 12 Johns. 178; *Story* v. *Elliot*, 8 Cow. 27; *Pulling* v. *People*, 8 Barb. 384.)

The question of what constitutes placing one in jeopardy within the meaning of that word as used in the Constitution has repeatedly been passed upon by our courts.

The general rule in this State is that if the court has jurisdiction and all prior proceedings are valid, a prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given. (*King* v. *People*, 5 Hun, 297; *People ex rel. Stabile* v. *Warden, supra; People* v. *Goldfarb*, 152 App. Div. 870; affd., 213 N. Y. 644; cf. 1 Bishop on Criminal Law [9th ed.], p. 752, § 1014, subd. 5.)

There is slight variation of that rule in other jurisdictions but generally it is substantially the same. (Cf. 16 Corpus Juris, p. 236 and cases cited.)

It is not necessary in order that a person may avail himself of the constitutional right not to be placed twice in jeopardy for the same offense that the prior trial shall have resulted in a valid judgment either of conviction or acquittal. It is sufficient if the prisoner was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as the result of the trial.

It is not the verdict or judgment which places a prisoner in jeopardy. If a court proceeds illegally after a prisoner has been placed in jeopardy its illegal act cannot nullify the jeopardy. "If it did, then the process might be repeated forever, and the constitutional guaranty be rendered void." (1 Bishop on Criminal Law, p. 772, § 1045.)

In the case of *People ex rel. Stabile* v. *Warden* (*supra*) the defendant was placed on trial under an indictment which charged him with the crime of murder. The trial judge arbitrarily discharged the jury after the case had been submitted to it and while it was deliberating. The defendant was thereafter discharged in a habeas corpus proceeding upon the ground that he had been placed in jeopardy and could not be again tried for the same offense. In that case as in this the argument was made that the defendant had not been placed in jeopardy as there was no valid judgment of acquittal or conviction. This court rejected the argument and decided that as the defendant had been placed in jeopardy the unlawful termination of the trial did not prevent him from availing himself of his constitutional right. (Cf. *People* v. *Goldfarb, supra;* 1 Bishop on Criminal Law [9th ed.], p. 749, § 1013.)

If a court in which a prisoner is tried is entirely without jurisdiction and the trial is only one in form and can have no legal effect such trial does not place the prisoner

in jeopardy and that defense is not available to him upon a retrial. (*People* v. *Connor*, 142 N. Y. 130.)

In the case at bar the trial started on Saturday, the court had jurisdiction, the proceeding was regular and the defendant was in jeopardy. The fact that thereafter the court lost jurisdiction by holding over into Sunday did not change the fact that the defendant had been placed in jeopardy.

When arrested the second time for the same offense, the appellant had a legal right to seek his release by habeas corpus. He was entitled to be released as a matter of law as no questions of fact were involved. There being no right to again place him on trial on the same charge, he was illegally deprived of his liberty and habeas corpus was a proper remedy. (*People ex rel. Brinkman* v. *Barr*, 248 N. Y. 126; *People ex rel. Stabile* v. *Warden, supra.*)

The order of the Appellate Division should be reversed and the orders of the Special Term affirmed.

FINCH, J. (dissenting). The relator was convicted of disorderly conduct. He applied for a writ of habeas corpus and was released on the ground that, although the trial had been properly started on Saturday, since it had not been finished until Sunday, the judgment was void. He has now been again charged with the same offense, on the same information. He seeks release and freedom from a new trial by habeas corpus, on the ground that a new trial would subject him to double jeopardy.

Reliance is placed on the general rule that if a court has jurisdiction and all prior proceedings are valid a prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn and evidence given. (1 Bishop on Criminal Law [9th ed.], p. 752.) This rule was evolved and, as far as I know, has been applied only in cases where the jury, without adequate reason, were dismissed before rendering

a verdict or where the defendant was acquitted. No reason appears for extending the rule to a case where the defendant has been convicted and by his own acts has had the conviction set aside.

It has never been suggested that where a conviction has been reversed because of error in the trial, a new trial cannot be had. The fact that the reversal or setting aside of the conviction is on the ground that the trial was completed on a Sunday, rendering it void, offers no greater reason for so holding. Where there has been a conviction the situation differs radically from one where the defendant, although in danger of being convicted, was acquitted or might have been acquitted if the jury were permitted to render a verdict.

The relator has been put in danger of conviction. But not only has he been in danger of conviction; he has been convicted. Whether the conviction is set aside on the ground that there were errors on the trial or because the trial was completed on a Sunday, the fact of the conviction eliminates the element of double jeopardy.

It has been held that there is no double jeopardy in a new trial where before verdict was rendered on the original trial the jury was dismissed because the term of the court ended. (*Lore* v. *State*, 4 Ala. 173; *State* v. *Jeffors*, 64 Mo. 376; *Commonwealth* v. *Thompson*, 3 Va. [1 Va. Cas.] 319; *State* v. *Moor*, 12 Am. Dec. [Miss.] 541. See *State* v. *Brooks*, 22 Tenn. 70.) The trial involved in the case at bar was valid until it extended into Sunday. The proceedings thereafter were void. In so far as it was valid there is no essential difference between this case and the cases where the trial terminated because of the end of the term. Are we to permit the relator to escape because the jury was permitted to go on with the case and subsequently found him guilty? On the other hand, if it should be said that continuing the trial into Sunday rendered the entire trial void, then clearly there is no double jeopardy. (*People* v. *Connor*, 142 N. Y. 130.)

There is no reason in law or justice for permitting a man who has been found guilty to escape being retried when he has had the original conviction set aside because of a technical error of the court which rendered the conviction void.

" No case is cited where the verdict of guilty having been set aside, on motion of the defendant, it has been held to bar another trial." ( *United States* v. *Keen*, 26 Fed. Cas. 686, 688; 1 McLean, 429.) The reason given for not applying the principle of double jeopardy to a retrial after a conviction has been set aside for error is that the defendant by appealing and thereby setting aside the judgment of conviction has by his own act brought about the retrial in place of his conviction and so has waived the defense of double jeopardy. (*People* v. *Dowling*, 84 N. Y. 478; *People* v. *McGrath*, 202 N. Y. 445. See *People* v. *Palmer*, 109 N. Y. 413; *People* v. *Cignarale*, 110 N. Y. 23.) In the case at bar the relator has been convicted and, by his own act, has had the conviction set aside for error. It is true that this was accomplished by means of a writ of habeas corpus, but why has not the defendant thereby waived his objection to a retrial as completely as if he had set aside his conviction by appeal?

The fact that the relator was discharged by habeas corpus proceedings should not prevent another trial. (See note, 97 A. L. R. 160 and cases cited therein.) To refuse the law-enforcing agencies a new trial and to set free the defendant for the reason that he employed one form of procedure, namely, habeas corpus, rather than an appeal, is to place form and technicality above substance. To this I am unable to agree.

The order of the Appellate Division should be affirmed.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur with HUBBS, J.; FINCH, J. dissents in opinion.

Ordered accordingly.