Peck, P. J.
Defendant was placed on trial on a criminal charge. The only witness called was a child nine years of age and her examination was limited to a preliminary questioning by the court to determine whether she should be sworn. The questioning in no way related to the charge against the defendant, but was merely calculated to ascertain whether the child understood the nature of an oath and was qualified to be sworn. The court ruled that she was not so qualified and the District Attorney, assuming that there was no evidence to corroborate any statement that would be made by the child, moved to discharge the defendant on his own recognizance.
During a discussion with the court, however, it appeared that additional testimony was available and the District Attorney asked leave to withdraw his motion and proceed to trial. The court ruled, in fairness to the defendant, because certain information had been brought to the court’s attention which it should not have had, that the defendant should be tried before another bench. Counsel for the defendant, apparently feeling that the court was changing its ruling with respect to swearing the child, stated he thought the proceeding unfair to the defendant. When assured by the District Attorney that when the case came before another bench he would abide by the ruling previously made as to swearing the child and would not offer her to be sworn, counsel for the defendant said: “ Satisfactory ”.
On the trial before the second bench a motion was made by defendant to dismiss the information on the ground of former jeopardy. The motion was denied at. the opening but upon renewal at the close of the evidence was granted solely on the ground that the defendant had been placed in jeopardy before the first bench. The People appeal pursuant to section 518 of the Code of Criminal Procedure.
We believe that the order of dismissal should be reversed and the cause remanded to the Court of Special Sessions for two *565 reasons. First, regardless of the merits of the claim of prior jeopardy, we find that defendant consented to the procedure of transferring the case to a second bench for trial when defendant’s counsel expressed his satisfaction upon the undertaking of the District Attorney not to offer the witness to be sworn. Secondly, we conclude that there was not jeopardy before the first bench because no evidence was taken. The test of jeopardy is whether evidence has been taken (People ex rel. Meyer v. Warden, 269 N. Y. 426, 428). The preliminary examination of a witness of tender years for the purpose of determining her qualification to be sworn is not addressed to any issue in the case and is not evidence in the action (People v. Johnson, 185 N. Y. 219, 228).
The order appealed from should be reversed and the cause remanded to the Court of Special Sessions.
Glennox, Dore, Cohx and Callahan, JJ., concur.
Order unanimously reversed and the cause remanded to the Court of Special Sessions of the City of New York. Settle order on notice.