Hyman Barshay, J.
The defendant moves to dismiss the indictment on the ground that he is about to be twice put in jeopardy for the same offense in violation of his constitutional guarantee that “ No person shall be subject to be twice put in jeopardy for the same offense ”. (N. Y. Const., art. I, § 6.) The facts briefly stated are as follows:
*1017 The indictment which was returned against the defendant in May of 1953 contained four counts of common-law larceny (Penal Law, § 1290) namely, one count alleging grand larceny, first degree, and three counts of petit larceny. This indictment .was prepared in accordance with section 276 of the Code of Criminal Procedure and is commonly known as a “ long form indictment.”
When the People sought to introduce evidence at the trial that the defendant made use of a false or fraudulent representation or pretense in the commission of the larceny, it was met with an objection by the defendant that such testimony was inadmissible since the indictment failed to meet the requirements of subdivision 1 of section 1290-a of the Penal Law which .provides as follows: “ If, however, the defendant made use of any false or fraudulent representation or pretense in the course of accomplishing, or in aid of, or in facilitating the theft, evidence thereof may not be received at the trial unless the indictment or information alleges such representation or pretence ”.
Since the indictment afore-mentioned failed to allege a false or fraudulent representation or pretense in connection with the larceny, the trial court properly sustained the objection. To meet the situation the People moved the court, pursuant to section 295-j of the Code of Criminal Procedure, to amend the indictment by adding four more counts, each new count corresponding to one of the original ones, except that each new count contained an added allegation not found in any of the first four that the larceny was effected by defendant’s false pretense and representation. This amendment was granted over the defendant’s objection.
Fortified with the amendment the People then offered proof of the defendant’s false and fraudulent representations, which proof was inadmissible under the original indictment. The case was ultimately submitted to the jury only on the amended “ fifth count,” which charged the defendant with grand larceny in the first degree by false pretenses. All other counts were dismissed. The defendant was found guilty, and simultaneously with the imposition of sentence, the trial court granted a certificate of reasonable doubt.
On appeal the Appellate Division, while affirming the facts, reversed the conviction on the law alone and dismissed the indictment (284 App. Div. 974). The reversal was on a ground other than that stated by the Court of Appeals in affirming the said lower court (308 N. Y. 425). The effect of the Court of Appeal’s decision is that section 295-j of the Code of Criminal *1018 Procedure may only be invoked to amend a “ simplified indictment
Thereafter, the Grand Jury found the instant indictment which, it is conceded, substantially covers the identical subject matter, parties, dates and amounts alleged in the prior indictment. Upon his arraignment on this indictment the defendant interposed a plea of “not guilty ” together with the aforementioned specification.
The district attorney, in opposing the granting of this motion, takes the position that no double 'jeopardy is involved. His stand on this application is directly contrary to that taken by him in the Court of Appeals where, in seeking a reversal of the order made by the Appellate Division, he stated on page 52 of his brief “ should the decision of the Appellate Division be upheld by this Court, we respectfully submit that the constitutional protection against double jeopardy will probably bar a second trial. (People ex rel. Stabile v. Warden, 202 N. Y. 138; People ex rel. Meyer v. Warden, 269 N. Y. 426; People ex rel. Blue v. Kearney, 292 N. Y. 679; People v. Goldfarb, 152 App. Div. 870, affd. 213 N. Y. 664.) ”
The cases cited above dictate the granting of this motion. In People ex rel. Stabile v. Warden (supra) the defendant was indicted for murder in the first degree. The trial consumed seven days. When the jury failed to arrive at a verdict after five hours of deliberation the court, without the consent of the defendant, discharged the jury, and remanded the defendant for further proceedings. An order sustaining a writ of habeas corpus and discharging the defendant was affirmed by the Appellate Division. The Court of Appeals in affirming the Appellate Division set forth the following general rule with respect to double jeopardy which is the law of this State (p. 150): “ If a person accused of crime is placed upon trial therefore upon an indictment duly found and sufficient in form and he pleads thereto and proceeds with the trial before a jury duly sworn to try the issues so joined, he is placed in jeopardy within the constitutional provisions.” This view was followed in People ex rel. Meyer v. Warden (supra, p. 428) wherein the court said: ‘‘ The general rule in this State is that if the court has jurisdiction and all prior proceedings are valid, a prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given (King v. People, 5 Hun, 297; People ex rel. Stabile v. Warden, supra; People v. Goldfarb, 152 App. Div. 870; affd., 213 N. Y. 644; cf. 1 Bishop on Criminal Law [9th ed.], p. 752, § 1014, subd. 5).”
*1019 In People ex rel. Blue v. Kearney (supra) the defendant was on trial for manslaughter in the first degree. At the end of the People’s case, the court believing it was empowered by section 400 of the Code of Criminal Procedure discharged the jury over the defendant’s objection and ordered a resubmission of the case to the grand jury. That section provides: “If it appear by the testimony, that the facts proved constitute a crime of a higher nature than that charged in the indictment, the court may direct the jury to be discharged, and all proceedings on the indictment to be suspended, and may order the defendant to be committed, or continued on or admitted to bail, to answer any new indictment which may be found against him for the higher offense. ’ ’ The defendant was thereafter indicted for murder in the first degree. Defendant sued out a writ of habeas corpus and obtained his discharge on the ground that the action of the trial court violated his constitutional guarantee against double jeopardy. The order sustaining the writ was affirmed (292 N. Y. 679).
The contention by the district attorney that no double jeopardy is involved because the defendant could not have been convicted of larceny by false pretenses under the original indictment is without merit.
The fact remains that the prior indictment was a valid one insofar as it alleged a common-law larceny. Being valid, it conferred jurisdiction upon the trial court and in the absence of any objection by the defendant against the introduction of testimony concerning false pretenses, he could have been convicted under the said indictment. (People v. Vanderberg, 301 N. Y. 750; People v. Ramistella, 306 N. Y. 379, 385.) However, the fact that the defendant did not waive the objection and prevented such testimony from being introduced, does not detract from the validity of the indictment.
It is not necessary to constitute double jeopardy that the prior trial shall have resulted in a valid judgment of acquittal or conviction. It is sufficient if the defendant was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as a result of the trial. (People ex rel. Meyer v. Warden, 269 N. Y. 426, supra.)
I fully realize that in the light of the affirmance of the facts by the Appellate Division, this decision, if ultimately sustained, may result in the discharge of a guilty defendant, but as was said in People v. Jelke (308 N. Y. 56, 68), the principle involved “ transcends the issue of * * * guilt or the disposition of this particular case.”
The motion to dismiss the indictment is granted. Submit order.