Alfred J. Cawse, Jr., J.
Defendant moves to dismiss the information herein on the ground of double jeopardy.
The facts are undisputed. The defendant was charged with a violation of section 435-5.0 of the Administrative Code of the City of New York. On June 13,1957, the defendant appeared for trial in the Magistrates’ Courts and after the case had been called, the defendant answering ready, a witness was sworn and his name and address given. At this point the Magistrate entered into a discussion with counsel and a new complaint was ordered by the Magistrate charging the defendant with a violation of section 1530 of the Penal Law based on the same facts as alleged in the first complaint and the defendant was discharged under the first complaint. The defendant then waived on the new complaint for the Court of Special Sessions reserving his right to plead double jeopardy for this court.
There is no question but that the Magistrates’ Courts had summary and exclusive jurisdiction of the complaint, charging the defendant with a violation of section 435-5.0 of the Administrative Code; that the facts set forth in both complaints are identical and that the defendant was discharged by' the Magistrate of the charge of violation of section 435-5.0. of the Administrative Code.
In People ex rel. Meyer v. Warden (269 N. Y. 426, 429), the rule is stated: “ It is not necessary in order that a person may avail himself of the constitutional right not to be placed twice in jeopardy for the same offense that the prior trial shall have resulted in a valid judgment either of conviction or acquittal. It is sufficient if the prisoner was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as the result of the trial.
“ It is not the verdict or judgment which places a prisoner in jeopardy.”
In People ex rel. Cohen v. Collins (238 App. Div. 592, 594), the court stated: “ Having once commenced the trial of a defendant upon such a charge, and having sworn a witness, the trial could terminate only either by an acquittal or by a judgment of conviction. ”
In the instant case the swearing of the witness Valente was sufficient to place the defendant in jeopardy and his discharge prevents a trial in the case at bar.
The motion to dismiss is granted.