Thomas A. Aurelio, J.
Petitioners, in this article 78 proceeding, seek to prohibit and enjoin the Court of General Sessions of the County of New York and the District Attorney of New York County from retrying them on an indictment which originally charged crimes of attempted burglary in the third degree and attempted grand larceny in the first degree. On the initial trial, the Judge submitted to the jury only the charge of attempted burglary and dismissed the attempted grand larceny charge. Thereafter, the jury failed to agree on the attempted burglary charge. Petitioners were then continued on bail. Some months later, the District Attorney, defense counsel, and petitioners entered into a stipulation that the retrial of the attempted burglary charge should be had before a particular Judge of the Court of General Sessions, without a jury, and solely on the minutes and record of the previous trial. This action was approved by that Judge and his decision on the guilt or innocence of the petitioners was reserved, pending his review of the record. Thereafter, that learned jurist had misgivings concerning his decision to make such a determination under these unusual circumstances. He then, on his own motion, summoned the parties, declared a mistrial, and set the case down for a jury trial before another Judge of the court. Inter alia, he denied petitioners’ motion to dismiss the indictment on the grounds that they had been placed in jeopardy when he agreed to decide the case and that any other trial would constitute a *937 violation of their constitutional rights. Petitioners did not seek to appeal this ruling, but now, more than three months later, bring on the instant application.
The relief here sought is a drastic remedy which is not lightly granted, but only in the exercise of soundest discretion upon a clear showing that equitable powers should be employed to prevent an irreparable harm where other legal means would be of no avail (Reed v. Littleton, 275 N. Y. 150, 153, 157). This is especially true where a criminal prosecution is sought to be prohibited (People ex rel. Childs v. Extraordinary Trial Term, 228 N. Y. 463, 468 ; People ex rel. Woodbury v. Hendrick, 215 N. Y. 339 ; People ex rel. Hummel v. Trial Term, Part I [Criminal Branch], 184 N. Y. 30, 32 ; Matter of Brandenburg v. Court of General Sessions, 189 Misc. 4, affd. without opinion 272 App. Div. 1013). The decision in Matter of McCabe v. County Court (24 Misc 2d 472), cited by petitioners, is not controlling, is admittedly in contradiction of the generally recognized rule aforesaid, and when followed, if at all, should be confined to its peculiar facts. To follow any but the previously enunciated general rule would flood this court with applications from courts of equal jurisdiction and would give unwarranted preference to equitable remedies where adequate legal remedies already exist. Moreover, in various of the cases cited by petitioners in opposition to this general proposition, where the Supreme Court granted similar relief as here requested, application for relief was made, not by defendants, but by the People, where no right of appeal existed. Here, petitioners have had, and still have, readily available legal means of redress by way of motion and appeal. All of the numerous arguments, concerning double jeopardy, trial procedures, stipulations, waivers, and constitutional rights, made by petitioners on this application, may be raised before the Judge on the call of the Trial Calendar (People v. Colon, 18 Misc 2d 1061) and, thereafter, on appeal, either before the trial (People ex rel. Herbert v. Hanley, 142 App. Div. 421 ; People v. Montlake, 184 App. Div. 578, 581), or after a trial, if an adverse verdict so warrants. Redress by motion and appeal are the normal remedies under the circumstances herein, and they will be complete and effective remedies. Sufficient facts have not been demonstrated which would cause this court to reach any other conclusion. The proceeding, accordingly, is not properly brought, is not maintainable under the circumstances, and the petition is dismissed.