Van Voorhis, J.
The petitioners appeal, on constitutional grounds, from orders of the Appellate Division, First Department, which unanimously denied their applications for orders prohibiting the Supreme Court, Yew York County, and the District Attorney of Yew York County from proceeding against the petitioners under an indictment.
*554 ■ The petitioners were charged with robbery in the first degree, grand larceny in the first degree, assault in the second degree and criminally possessing a loaded pistol as a felony. The indictment was returned on June' 24, 1966. ■ Selection of a jury in Supreme Court, New York County,-was commenced on February 10, 1967. On February 16, 1967, after the jury was impaneled and sworn,- the prosecutor requested a continuance until February 20, 1967. A continuance was granted.-' On February 20 a further continuance was- -sought by the.- prosecutor, upon the ground that he could not locate one of the complaining witnesses.- - A continuance was' granted over objection until 2:0G p.m. of that'day, when the prosecutor informed the court that he had not located one of the complaining'witnesses but another complaining witness was present: Petitioners moved to dismiss-the indictment for failure to prosecute. The' court denied the motion, and declared a mistrial. When the case was again moved for trial the defense of double jeopardy was raised. The court ruled that there was no double jeopardy and set the case down for trial. The petitioners argue that it would violate the double jeopardy rule to compel.them to stand trial on the indictment. . .
It is evident that the Trial Justice in granting a mistrial acted in'the belief that the time-honored rule in New York State .still obtained -that an indicted defendant, who has pleaded not guilty, is not placed in jeopardy until the jury has been examined and sworn, and evidence given (People v. Jackson, 20 N Y 2d 440; People ex rel. Meyer v. Warden, 269 N. Y. 426; People V. Clark, 3 A D 2d 700; People v. Ercole, 2 Misc 2d 1015, affd. 4 A D 2d, 881, revd. on other grounds 4 N Y 2d 617; People ex rel. Blue v. Kearney, 181 Misc. 981, affd. 292 N. Y. 679; King v. People, 5 Hun 297; cf. A. L. I., Model Penal Code, § 1.08 and Comment to. § 1.09, Tent. Draft No. 5, p. 53; 22 C. J. S., Criminal Law, § 241, p. 638).
The cases cited establish the law as it has been followed in New York-ever since our courts departed from the English rule requiring a prior judgment of conviction or acquittal, before barring a later prosecution for the-same offense. (Cf. People v. Barrett, 2 Caines 304.)
■ ■ The precise point in a trial at which -jeopardy attaches varies somewhat in the different States and the Federal courts. The *555 object is to prevent a defendant from being harassed by the prosecuting officers through repeated mistrials unless granted for good cause shown. Some stage in the prosecution must be marked somewhat arbitrarily as the cutoff point after which a defendant is deemed to have been placed in jeopardy in order to prevent harassment. It makes little difference whether this point be regarded as having been reached when the oath is administered to the jury or when the first witness for the People is sworn. If a prosecutor were attempting to harass a defendant, he could refrain from having the jury sworn, if jeopardy attaches at that point, and whether the point is reached oh swearing the jury or the first witness makes little difference in protecting a defendant’s rights. Downum v. United States (372 U. S. 734), as we understand it, held that there was no manifest necessity under the circumstances of that case to grant a mistrial on account of the nonattendance of one of the People’s witnesses, and that the plea of double jeopardy should be sustained on the second trial inasmuch as the defendant had been subject to jeopardy, under the Federal rule, after the jury had been selected and sworn upon the first trial. We do not interpret that decision as requiring all of the State decisions to be uniform concerning the precise point in the trial when jeopardy attaches, or to impose a constitutional requirement that a defendant shall be deemed to have been placed in jeopardy at exactly the same stage in the trial that has been adopted in the Federal courts, e.g., when the jury has been sworn. The thrust of that decision appears to be that when the point of jeopardy has passed, a mistrial cannot be declared in order to obtain a witness for the People whose presence was known to be doubtful when the trial commenced. Although it is our endeavor to conform our State procedures as nearly as may be to the Federal practice (People v. McQueen, 18 N Y 2d 337, 344), nothing of substance would seem to be gained by changing the time-honored New York rule determining when jeopardy attaches in a respect which is merely technical and is not related to the essence of what constitutes double jeopardy.
Inasmuch as appellant had not been placed in jeopardy in the first trial, since no witness had been sworn, it is unnecessary to reach the question concerning whether the granting of a mistrial was a manifest necessity in order to enable the prosecution to *556 locate one of ils witnesses (sec Matter of Nolan v. Court of Gen. Sessions, 11 N Y 2d 114; Wade v. Hunter, 336 U. S. 684).
The orders appealed from should he affirmed.